UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GISLEINE CRISTINA MANENTI,<br><br>                   Plaintiff,<br><br>-against-<br><br>THE GOVERNMENT OF THE USA,<br><br>                   Defendant. | 1:22-CV-2292 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Gisleine Cristina Manenti, a citizen of Brazil, who appears *pro se*, filed this action in which she sues the Government of the United States of America, and asks this Court to order the Government to issue her a tourist visa. Plaintiff seems to seek relief under the Administrative Procedure Act.

By order dated June 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: This year, Plaintiff applied for a tourist visa in order to enter the United States of America legally. The United States Government, however, denied Plaintiff's visa application because of the "unf[o]unded grounds that [Plaintiff] had no significant ties to her homeland – Brazil – and therefore would most likely remain illegally in the United States." (ECF 1, at 5.) According to Plaintiff, the notion that she will illegally immigrate to the United States is a "product of an overimaginative [sic] and unrealistic judgment based on preposterous premises. . . . [S]uch [a] conclusion is incongruous to the documentation that [Plaintiff] submitted, [and] demonstrate[es] a lack of diligence and due analysis of the documents in the administrative procedures." (*Id.* at 5-6.)

## DISCUSSION

**A.     Litigation history**

This is not the first time that Plaintiff has sought relief from this court with regard to the United States Government's denial of a visa application. On June 2, 2017, Plaintiff filed a *pro se* action in this court challenging the United States Government's denial of her application for a visa. *See Manenti v. Gov't of USA* ("*Manenti I*"), ECF 1:17-CV-4173, 6 (S.D.N.Y. June 27, 2017). By order dated June 27, 2017, the Honorable Colleen McMahon of this court dismissed *Manenti I* for lack of subject matter jurisdiction. *Id.* Judge McMahon specifically dismissed that action under the doctrines of sovereign immunity and consular nonreviewability. *Id.* at 2-3. Inasmuch as Plaintiff sought relief under the Administrative Procedure Act or *mandamus* relief, Judge McMahon dismissed that action because, generally, the decision to deny a visa application is within the discretionary authority of the United States Government, there is no constitutional

duty to allow a nonresident alien entry into the United States, and because the decision of a consular official to deny a visa application is not reviewable. *Id.* at 4-5. Plaintiff challenged the dismissal of *Manenti I* in a postjudgment motion; Judge McMahon construed it as brought under Rule 60(b) of the Federal Rules of Civil Procedure and denied it. *Manenti I*, ECF 1:17-CV-4173, 9 (S.D.N.Y. Apr. 22, 2019). Plaintiff did not appeal.

### B. The Court must dismiss this action for the same reasons that Judge McMahon dismissed *Manenti I*

Despite Judge McMahon's 2017 dismissal of *Manenti I* and her 2019 denial of Plaintiff's construed Rule 60(b) motion, Plaintiff has filed this action challenging the United States Government's 2022 denial of her application for another visa. The Court must dismiss this action for the same reasons that Judge McMahon dismissed *Manenti I*.[1] Accordingly, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### C. Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

---

[1] The only possible exception to the doctrine of consular nonreviewability is when "the Government [cannot] justify the exclusion of an alien when the First Amendment rights of American citizens are implicated." *Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400, 416 (S.D.N.Y. 2006) (citing cases); *see Kleindienst v. Mandel*, 408 U.S. 753, 769-70 (1972). Plaintiff, who essentially asks this Court to review the denial of her application for a tourist visa, alleges no facts showing that the First Amendment rights of an American citizen are implicated by that denial.

**D.     Warning**

In light of Judge McMahon's dismissal of *Manenti I* on June 27, 2017, and her denial of Rule 60(b) relief in that action on April 22, 2019, this Court finds that, when Plaintiff filed her complaint commencing this action on March 21, 2022, she was or should have been aware that the Court generally lacks jurisdiction to review the United States Government's denial of a tourist-visa application. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that, if she files additional litigation in this court in which she impermissibly challenges the denial of a visa application by the United States Government, or by one of its officers, the Court may begin proceedings to bar Plaintiff from filing new civil actions in this court IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     July 15, 2022
           New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge