UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GISLENE CRISTINA MANENTI,

               Plaintiff,

-against-

THE GOVERNMENT OF THE USA,

               Defendant.

1:22-CV-2292 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated July 15, 2022, and entered three days later, on July 18, 2022, the Court dismissed this *pro se* action *sua sponte* for lack of subject matter jurisdiction. On September 26, 2022, the Court received a letter from Plaintiff in which she states the following: "[P]laintiff lives in [B]razil and therefore cannot visit a lawyer, making her manifestation difficult[.] [Plaintiff] requires the public prosecutor to file the appeal on behalf of [her] or that the case be referred to a lawyer free of charge." (ECF 9.) The Court construes Plaintiff's letter as a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"). For the following reasons, however, the Court denies that motion.

## DISCUSSION

      When one of the parties is the Government of the United States of America, a litigant has 60 days from the entry date of the order or judgment she wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B)(i). A litigant may move, under Rule 4(a)(5), for an extension time to file a notice of appeal no later than within 30 days after the date when the period to file a timely notice of appeal has expired. Fed. R. App. P. 4(a)(5)(A)(i). The litigant must also show excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii).

The Clerk of Court entered the Court's order and judgment dismissing this action on July 18, 2022. Thus, because one of the parties is the Government of the United States of America, Plaintiff had 60 days from that date, or until September 16, 2022, to file a timely notice of appeal, and 30 days from September 16, 2022, or until October 17, 2022, to file a timely Rule 4(a)(5) motion for an extension of time to file a notice of appeal.[1]

Plaintiff did not file a notice of appeal, and she filed her letter on September 26, 2022, ten days after the period to file a timely notice of appeal expired, but within the period to file a timely Rule 4(a)(5) motion for an extension of time. In light of Plaintiff's *pro se* status and the requests Plaintiff makes in her letter, the Court construes Plaintiff's letter as a Rule 4(a)(5) motion for an extension of time. The Court must deny the motion, however, because Plaintiff has not shown excusable neglect or good cause.

Courts consider four factors to determine whether a movant has shown excusable neglect: (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'shp*, 507 U.S. 380, 395 (1993)), *cert. denied sub nom.*, *Alexander v. Kijakazi*, 142 S.Ct. 1461 (2022). The United States Court of Appeals for the Second Circuit has taken a "hard line" with respect to recognizing when excusable neglect occurs. *See id.* (quoting *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005)) A litigant who, within the period to file a timely notice of appeal, becomes aware of the order or judgment that she wishes to appeal, but who offers no credible

---

[1] Because the last day of the period for Plaintiff to file a timely Rule 4(a)(5) motion actually fell on Sunday, October 16, 2022, that period was extended to the next court business day, Monday, October 17, 2022. *See* Fed. R. App. P. 26(a)(1)(C).

reason why she did not file a timely notice of appeal, cannot demonstrate excusable neglect. *See Bass v. NYNEX*, No. 02-CV-5171, 2004 WL 2674633, at *1, 3 (S.D.N.Y. Nov. 23, 2004); *see also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) ("[D]espite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'") (citation omitted).

Courts have held that, unlike excusable neglect, good cause can be found when the fault in filing a late notice of appeal is beyond the movant's control. *See, e.g.*, *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04-CV-3600, 2010 WL 479658, at *2 (S.D.N.Y. Feb. 5, 2010) ("While excusable neglect applies in situations where there is fault, parties may invoke the good cause standard where the cause for missing the deadline was entirely beyond their control, such as where the Postal Service fails to deliver the notice of appeal."); *see also Alexander*, 5 F.4th at 147 ("Because the good cause standard applies only in situations in which there is no fault [on the movant's part], it requires a greater showing than excusable neglect. . . . Courts have accordingly declined to apply the good cause standard in cases in which the movant's failure to prosecute a timely appeal was at least partially attributable to the movant's own inadvertence.") (internal quotation marks, citations, and footnote omitted).

Plaintiff has provided no basis for any suggestion of excusable neglect or good cause. The Court therefore denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal.

## CONCLUSION

The Court construes Plaintiff's letter (ECF 9) as a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. For the reasons discussed in this order, however, the Court denies that motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 21, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge